**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS (SHERMAN)**

**CASE NO 4:13-CR-38-MAC-KPJ-16**

UNITED STATES OF AMERICA

V

HERMES ALIRIO CASANOVA ORDONEZ

**<u>AMENDED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW</u>**

**<u>PLEA AGREEMENT</u>**

On July 4, 2017, the defendant filed a Motion to Withdraw his Plea Agreement, DE 657, previously filed under seal on September 26, 2016, DE 406. On July 5, 2017, the court entered an Order referring the matter to the magistrate, DE 658. On July 6, 2017, the magistrate set the matter down for hearing on August 3, 2017 at 10:50 AM

The undersigned files the present Memorandum of Law in order to present the relevant case law pertaining to withdrawal of a plea agreement before imposition of sentence. For reasons set forth in more detail, the plea agreement entered in the present case should be withdrawn.

Rule 11(d)(2)(B) FRCrP allows a defendant to withdraw a plea before sentence upon showing of a "fair and just" reason for requesting the withdrawal, *Wright and Leipold, Federal Practice and Procedure Volume 1A Section 181*. The Rule does not address the situation when the defendant wants to withdraw from his plea agreement without withdrawing the guilty plea itself, however the Second Circuit has concluded that the "fair and just" standard of Rule 11 is the appropriate benchmark for considering such motions, *United States v Lopez 385 F.3d 245, 247-248 (2nd Cir 2004); United States v Hyde 520 U.S. 670, 671 (1997)*[after a defendant pleaded guilty, pursuant to a plea agreement and the District Court accepted his plea but deferred decision on whether to accept the plea agreement, the defendant may not withdraw his plea unless he shows a "fair and just" reason under FRCrP 11(d)]. The defendant has the burden to show a fair and just reason for withdrawal of a plea, but the standard is applied liberally, *United States v Ramirez-Hernandez 449 F.3d 824, 826 (8th Cir 2006); United States v Hickok 907 F.2d 983 (10th Cir 1990)* [even though the general rule is that motions to withdraw guilty pleas before sentence are to be freely allowed and treated with liberality, still the decision thereon is within the sound discretion of the trial court, at 985]. On October 12, 2016, the Court in the present case, as in *Hyde (supra)* accepted the defendant's plea but deferred acceptance of the plea agreement until after review of the presentence report, DE 476.

Courts look to the totality of the circumstances in considering whether the defendant has made a sufficient showing to withdraw his plea, including but not limited to: (1) the amount of time that has elapsed between the plea and the motion to withdraw it (2) the presence (or absence) of a valid reason for failure to move for a withdrawal earlier in the proceedings (3) whether the defendant has asserted or maintained his innocence (4) the circumstances

underlying the entry of the guilty plea (5) the defendant's nature and background (6) the degree to which the defendant has had prior experience with the criminal justice system and (7) potential prejudice to the government if the motion to withdraw is granted, *United States v Hockenberry 730 F.3d 645 (6th Cir 2013)*. Because the defendant is seeking to withdraw only his plea agreement and not his plea, factors 3 and 7 above should not play a part in the Court's decision. The defendant accepts his culpability and if the Court allows withdrawal of the Plea Agreement, the government will not be held to a disadvantage in having to prepare for trial and summon its witnesses.

When the basis for withdrawal is erroneous or inadequate legal advice, the defendant's burden is simply to show that a reasonable person in the defendant's position would not have at least plausibly entered the plea had he known the conditions for withdrawing the plea before he entered the plea, *United States v Mayweather 634 F.3d 498 (9 Cir 2010)*.

The Plea Agreement was signed by the defendant on May 6, 2015 while the defendant was still in Colombia awaiting extradition to the United States. The defendant was represented at the time by James Balagia, who signed the Agreement on the same day and entered his appearance in the case on December 22, 2014, DE 191. The defendant, who has little formal education and is completely unfamiliar with legal proceedings in the United States, relied on his attorney's advice to sign the agreement quickly in order to receive stated sentence benefits once he arrived in the United States. The defendant neglected to tell his client that he had signed an agreement containing a 4-level leadership enhancement. He also neglected to tell his client that he had received money from a codefendant for the express purpose of having the defendant accept that leadership position. Had the defendant known either of these two features, he would

not have signed the Agreement. After the defendant arrived in the United States, he was ushered through the change of plea hearing by the same counsel who procured his signature on the fraudulently obtained agreement filed under seal the same day as the hearing, September 26, 2016, DE 403, 405. The defendant thereafter tried to contact his attorney but was told on each occasion by the secretary that he was not available. A Presentence Report was prepared and the defendant demanded the attorney visit with him at the Collins County Detention Center to review the Report. Shortly thereafter the attorney visited with the defendant who then pointed out the document in the attorney's file that he had signed in Colombia some years previous. The next day, the attorney was arrested and since has been charged by way of indictment with conspiracy to commit money laundering and obstruction of justice, Case No 4:16-cr-176-MAC-CAN.

Plea Agreements have been held to be in the nature of a contract, *United States v Floyd 1 F.3d 867 (9th Cir 1993)*, but in a stricter sense than a commercial contract since rights involved are generally fundamental and constitutionally based, *United States v Ringling 988 F.2d 504 (4th Cir 1993)*. A contract may be held to be void *ab initio* if contrary to express statutes or if the bargain violates public policy or it may be held voidable, a common occurrence in the law, *Williston on Contracts, Fourth Edition, Section 1:20,* if the victim timely elects to void it on the basis of infancy, fraud, mistake, duress or some kind of illegality, at page 78. Legal representation that is the equivalent of having no counsel at all and prejudice that results therefrom when the defendant signs a crucial document in the proceedings, which, in all probability, he would not have signed at all had he known his counsel at the time was acting on behalf of a codefendant to his own disadvantage, violates the Sixth Amendment and should be deemed as against public policy, *Strickland v Washington 466 U.S. 668 (1984)*. If the agreement is deemed only voidable,

the Court should strike it from the record on this petition which is filed and based on the aforementioned grounds of nullification. The undersigned entered his appearance in the case on April 11, 2017 and has moved expeditiously to understand as fully as possible the unusual circumstances of this case. He has spoken to the defendant on various occasions, attended debriefings, reviewed pleadings and studied the discovery. It is apparent the Plea Agreement was procured under false pretenses and that the plea agreement remained tainted – to whatever degree- by the fact the defendant was represented by the same counsel throughout the change of plea colloquy.

WHEREFORE IT IS RESPECTFULLY PRAYED THE COURT TAKE INTO CONSIDERATION THE ABOVE AND GRANT THE DEFENDANT'S MOTION TO WITHDRAW HIS PLEA AGREEMENT

Respectfully,
/s/Scott Kalisch
SCOTT KALISCH

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY THAT I HAVE CONSULTE THE CONTENTS OF THIS MOTION WITH AUSA ERNEST GONZALEZ WHO EXPRESSED HE TAKES NO POSITION ON THE MOTION OR MEMORANDUM IN SUPPORT THEREOF

/s/Scott Kalisch
SCOTT KALISCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SENT COPY OF THIS PLEADING TO AUSA ERNEST GONZALEZ BY

EM/ECF ELECTRONIC TRANSFER THIS 30TH DAY OF JULY 2017

/s/Scott Kalisch

SCOTT KALISCH

435 SOUTH OREGON AVENUE, SUITE 104

TAMPA, FLORIDA 33606

TEL 305 669 0808

EMAIL: scottkalisch@bellsouth.net

FLORIDA BAR #367877