# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:16CR152 MAC/KPJ |
| | § | |
| HERMES CASANOVA ORDONEZ (16), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion to Withdraw Plea Agreement (Dkt. 657), the motion having been referred to the undersigned by the Honorable Marcia A. Crone for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (3).

In the motion, Defendant seeks to withdraw his plea agreement (the "Plea Agreement"). Defendant alleges the Plea Agreement was procured under false pretenses and is tainted by the fact that Defendant's former counsel, who represented him while he was awaiting extradition and throughout the change of plea colloquy, is currently under indictment for money laundering, obstruction, and other charges related to his defense in this case.

The Court conducted a hearing on August 3, 2017. Defendant was represented by Scott Kalisch. The Government was represented by Ernest Gonzalez. As discussed on the record, the Certificate of Conference accompanying Defendant's motion indicates that Mr. Gonzalez takes no position on the matters asserted or the relief requested therein. Mr. Gonzales states although he is aware that Defendant's former counsel is under indictment, he was not privy to conversations between Defendant and his former counsel, and thus, doesn't know what representations were made regarding Defendant's guilty plea. Hence, the Government's position is unclear.

1

Mr. Gonzalez stated that he is concerned about the repercussions of allowing Defendant to withdraw the Plea Agreement while maintaining the guilty plea because in so doing, the counts that were to be dismissed as a result of the Plea Agreement would stand unless or until a new agreement is in place. Mr. Kalisch expressed concern about the risk of Defendant losing points for accepting responsibility, and explained his rational for requesting to withdraw the Plea Agreement but not the guilty plea. However, as the Court noted, the authority cited in Defendant's motion and memorandum of law (*see* Dkts. 657 and 664), fails to reconcile the procedural dilemma of bifurcating the Plea Agreement from the guilty plea itself. As explained on the record, the Court cannot allow withdrawal of the Plea Agreement while allowing the guilty plea to stand. Defendant must either plead guilty and maintain the Plea Agreement or withdraw the guilty plea.

Based on the foregoing, the Court recommends that Defendant's Motion to Withdraw Plea Agreement (Dkt. 657) be **GRANTED** in part and **DENIED** in part. In light of the circumstances, the Court recommends that Defendant be allowed to withdraw his guilty plea and be allowed sufficient time to negotiate a new plea agreement with the Government.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. §

636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of August, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE