UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 4:13-CR-38 MAC |
| | § | |
| | § | |
| HERMES ALIRIO CASANOVA ORDONEZ | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States

Magistrate Judge for administration of the guilty plea under  Rule 11. Magistrate judges have the

statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28

U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On October 3, 2017, this case came before the undersigned United States Magistrate Judge

for entry of a guilty plea by Defendant, Hermes Alirio Casanova Ordonez, to Count One of the

First Superseding Indictment. Count One alleges sometime in or around January , 2014, in the

Eastern District of Texas, Defendant, Hermes Alirio Casanova Ordonez, did knowingly and

intentionally commit the offense of Conspiracy to Possess with the Intent to Manufacture and

Distribute Cocaine, in violation of 21 U.S.C. § 846.

Defendant entered a plea of guilty to Count One of the First Superseding Indictment into the

record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal

Rule of Criminal Procedure 11, the undersigned finds:

a.    Defendant, after consultation with his attorney, has knowingly, freely, and voluntarily

consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

       b.      Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. Defendant verified that he understood the terms of the plea agreement, and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the Court advises Defendant that he has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advises Defendant that he will have the opportunity to withdraw his plea of guilty should the Court not follow those particular terms of the plea agreement;[1]

       c.      Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from

---

1. "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

force, threats, or promises (other than the promises set forth in the plea agreement).  See FED. R.

CRIM. P. 11(b)(2); and

      d.     Defendant's knowing and voluntary plea is supported by an independent factual basis

establishing each of the essential elements of the offense and Defendant realizes that his conduct

falls within the definition of the crime charged under 21 U.S.C. § 846.

## STATEMENT OF REASONS

      As factual support for Defendant's guilty plea, the Government presented a factual basis. See

Factual Basis and Stipulation. In support, the Government would prove that Defendant is one and

the same person charged in the First Superseding Indictment and that the events described in the First

Superseding Indictment occurred in the Eastern District of Texas. The Government would also have

proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in

Count One of the First Superseding Indictment through the testimony of witnesses, including expert

witnesses, and admissible exhibits.  In support of Defendant's plea, the undersigned incorporates the

proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea

agreement.

      Defendant, Hermes Alirio Casanova Ordonez, agreed with and stipulated to the evidence

presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's

competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence

presented by the Government and personally testified that he was entering his guilty plea knowingly,

freely, and voluntarily.

## RECOMMENDED DISPOSITION

      **IT IS THEREFORE** the recommendation of the undersigned United States Magistrate

Judge that the District Court accept the Guilty Plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the First Superseding Indictment. It is also recommended that the District Court defer acceptance of the plea agreement until after review of the presentence report. Accordingly, it is further recommended that Hermes Alirio Casanova Ordonez be finally adjudged guilty of the charged offense under Title 21, United States Code, Section 846.

If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) be no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District

Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this 3rd day of October, 2017.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE